# IN THE COURT OF APPEALS OF IOWA

No. 17-1028
Filed September 13, 2017

**IN THE INTEREST OF J.S., L.S., and A.S.,**
**Minor Children,**

**S.S., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Calhoun County, Adria Kester, District Associate Judge.

The mother appeals from the dispositional order entered in a child-in-need-of-assistance proceeding.  **AFFIRMED**

Martha A. Sibbel of Law Office of Martha Sibbel, PLC, Carroll, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Sarah J. Livingston of Thatcher, Tofilon, & Livingston, P.L.C., Fort Dodge, guardian ad litem for minor children.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

On January 31, 2017, J.S., L.S., and A.S. came to the attention of the Iowa Department of Human Services (DHS) after an incident related to the mother's methamphetamine use.  DHS reports indicate the mother and L.S. and A.S.'s father used methamphetamine and became involved in a domestic violence incident.[1]  The police responded to the incident and found methamphetamine in the mother's possession.  The State filed a child-in-need-of-assistance (CINA) petition alleging the children were likely to suffer imminent harm as a result of the mother's failure to exercise care in supervising the children, pursuant to Iowa Code sections 232.2(6)(c)(2) and (6)(n) (2017).

On February 13, the juvenile court issued an ex parte removal order, and the children were placed with the paternal grandmother.  On February 17, an adjudicatory hearing was held, and the parties stipulated to the continued removal of the children pursuant to the ex parte removal order.  Custody of the children remained with DHS for placement in family foster care with the paternal grandmother.

On April 18, the mother filed a motion contesting multiple issues related to the CINA proceeding and DHS services.  The mother requested to be heard on the motion at the upcoming dispositional hearing.  On June 16, a dispositional hearing was held, and at the request of the mother, the issues related to the motion were postponed until the next review hearing.  The mother then acquiesced to the court's dispositional order adopting DHS recommendations.

---

[1] J.S.'s father and L.S. and A.S.'s father are not parties to this appeal.

The order confirmed the CINA adjudication for all children and continued placement with the paternal grandmother.

The mother appealed the juvenile court's dispositional order, arguing the juvenile court's placement of the children is improper because the circumstances that led to removal no longer exist. Our appellate rules of procedure, however, require the mother to preserve error on her issue before she can raise it on appeal. *See In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003)*.* "[E]rror preservation rules provide that error is preserved for appellate review when a party raises an issue and the district court rules on it." *State ex rel. Miller v. Vertrue, Inc.*, 834 N.W.2d 12, 20 (Iowa 2013); *see also In re H.V.*, No. 15-1481, 2015 WL 6507559, at *1 (Iowa Ct. App. Oct. 28, 2015). Here, the mother did not raise before the juvenile court the issue of whether the circumstances that led to removal continue to exist, and the court did not rule on it. Error was not preserved.

**AFFIRMED.**